IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 JUN 13  PM 3: 58

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

GLORIA MARTIN-JANSON,
**Plaintiff,**

-vs-                                                            Case No.  A-12-CA-072-SS

JPMORGAN CHASE BANK, N.A.,
**Defendant.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [#28], to which pro se Plaintiff Gloria Martin-Janson has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion for summary judgment.

### Background

This is Martin-Janson's second lawsuit attempting to prevent JPMorgan's foreclosure of the real property located at 204 Rivulet Lane, Austin, Texas 78758. Martin-Janson purchased the property in 2007, executing a Note and Deed of Trust in favor of Washington Mutual Bank. JPMorgan has since acquired the Note and Deed of Trust, and its ownership is unchallenged here. Martin-Janson defaulted in 2009, and alleges that between 2009 and 2011 she and JPMorgan engaged in a series of loan modification negotiations. According to the Amended Complaint [#6], during these negotiations, JPMorgan repeatedly instructed Martin-Janson not to make payments on her mortgage in anticipation of a loan modification agreement being prepared for her signature.

Martin-Janson complied, but JPMorgan nevertheless noticed the property for foreclosure in June 2011.

Martin-Janson responded by filing suit in Texas state court challenging the foreclosure. That case was removed to this Court and ultimately dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *Martin-Janson v. JPMorgan Chase Bank, N.A.*, No. 1:11-CV-584-SS (W.D. Tex. Jan. 11, 2012). Within two weeks of that dismissal Martin-Janson refiled this case in state court, and JPMorgan again removed. Martin-Janson's new complaint asserts only two causes of action: (1) waiver, and (2) promissory estoppel. This Court again dismissed both counts under Rule 12(b)(6). With regard to Martin-Janson's promissory estoppel claim in particular, the Court held Martin-Janson's claims of an oral promise by JPMorgan to modify her loan were insufficient to overcome JPMorgan's statute of frauds defense because her allegations "d[id] not show a promise to sign a contract that satisfied the statute of frauds." Order of Mar. 28, 2012 [#10], at 7. Because Martin-Janson had previously had her claims dismissed, the Court dismissed with prejudice.

Martin-Janson appealed. The Fifth Circuit affirmed this Court's dismissal of the waiver claim, but reversed and remanded on the promissory estoppel claim. *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 397–99 (5th Cir. 2013) (unpublished). Specifically, the Fifth Circuit found Martin-Janson's factual allegations were sufficient to state a promissory estoppel claim capable of overcoming JPMorgan's statute of frauds defense because Martin-Janson could prove "JPMorgan 'promise[d] to sign a written agreement which itself complies with the statute of frauds.'" *Id.* at 399 (quoting *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 940 (Tex. 1973)).

Following the remand, JPMorgan apparently concluded Martin-Janson qualified for a loan modification, and the parties entered into a loan modification agreement effective December 1, 2013. Despite this apparent resolution of the parties' dispute, they did not settle or agree to dismiss this case. Instead, JPMorgan has moved for summary judgment, and Martin-Janson has not responded.

**Analysis**

## I.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Application

As an initial matter the Court GRANTS the motion for summary judgment as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly considers the merits of the motion.

"The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). As the Fifth Circuit noted on appeal in this case, when the statute of frauds would otherwise bar an oral agreement, "'[t]he promise which is determinative . . . is the promise to sign a written agreement which itself complies with the statute of frauds.'" *Martin-Janson*, 536 F. App'x at 398 (quoting *"Moore" Burger*, 492 S.W.2d at 940).

Shortly after the remand, JPMorgan served Martin-Janson with a series of requests for admission. Martin-Janson did not respond, and the requests are therefore deemed admitted. FED. R. CIV. P. 36(a)(3); *W. Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 66–67 (5th Cir. 1994). The undisputed summary judgment evidence thus establishes the following facts: (1) JPMorgan has not made any promises to Martin-Janson regarding the loan, a modification, the property, or foreclosure; (2) Martin-Janson has not relied on any promise by JPMorgan; (3) JPMorgan did not instruct Martin-Janson to stop making payments; (4) JPMorgan did not promise to modify the loan or postpone foreclosure; (5) JPMorgan made no representations to Martin-Janson regarding modification or foreclosure; (6) the parties have no verbal contracts or agreements; (7) JPMorgan did not promise to sign any written document or agreement pertaining to the loan or a modification; and (8) Martin-Janson has not been injured or suffered any damages as a result of JPMorgan's actions. Mot. Summ. J. [#28-1], Ex. 1, at App. 24–36 (requests for admission).

With those facts established, JPMorgan is entitled to summary judgment on Martin-Janson's promissory estoppel claim. The undisputed summary judgment evidence establishes there was never any promise made, no reliance by Martin-Janson, and no damages suffered. Additionally, because Martin-Janson has now admitted JPMorgan did not promise to sign a written modification agreement which would have complied with the statute of frauds, JPMorgan is entitled to summary judgment on its statute of frauds defense. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256–57 (5th Cir. 2013).

## Conclusion

Martin-Janson has failed to demonstrate the existence of any genuine dispute as to any material fact, and JPMorgan has shown itself entitled to summary judgment on Martin-Janson's promissory estoppel claim.

Accordingly,

IT IS ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [#28] is GRANTED.

SIGNED this the _13ᵗʰ_ day of June 2014.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE